STATE OF IOWA v. B. FROLIC, Appellant.

**False Weights.** Whether a weight is false is a question of fact which may be established by the testimony of persons who have compared it with standards.

**Harmless Error.** Where the falsity of the weight is admitted, admitting evidence that it is false and an instruction assuming its falsity, is not prejudicial.

*Appeal from Sioux District Court.*—HON. A. VAN WAGENEN, Judge.

FRIDAY, OCTOBER 4, 1895.

The defendant was convicted of the crime of using false weights, and adjudged to pay a fine of fifty dollars and costs. From that judgment he appeals.—*Affirmed.*

*Geo. W. Argo* and *L. D. Hobson* for appellant.

*Milton Remley*, attorney general, for the state.

Robinson, J.—In December, 1893, the defendant had charge of a butcher's shop in the town of Hull. About the first of the month an employe of the defendant took to a hardware store a weight, and had metal run into holes in it. There was evidence which tended to show that after that was done the weight was used by the defendant in his business, and when used seventeen and one-fourth ounces were required to appear to weigh one pound. The crime of which the defendant was convicted is alleged to have been committed by using that weight as stated for a fraudulent and unlawful purpose.

I. The appellant complains of the admission of certain testimony to show that the weight was false. The state superintendent of weights and measures was

produced by the state, and testified that he had exam·
ined and tested the weight in question with a pair of
balances and a pair of Fairbanks scales.   He was then
asked to state whether or not the weight was correct.
The defendant objected to the question, on the ground
that it called for a conclusion of the witness, and was
incompetent, and immaterial.   The objection was over·
ruled, and the witness answered that "on the scales
upon which this weight was tested it is a false
weight."   A motion to strike the answer was
overruled.   It is said the state has provided a
test weight and standard by which the correctness of
all weights is to be determined, and therefore a weight
cannot be tested in any other manner, and that it is
not shown that the witness made the test required by
law.   We do not think a comparison in all cases with
the official standard is required to determine whether
a weight is correct, although such a test would be con·
clusive, but the comparison may be made with a
standard known to be correct.   Whether the weight is
correct is a question of fact to which any witness who
is shown to have the required knowledge may testify.
If a witness state that he knows whether a weight is
correct or that it is not, he may be permitted to state
the fact.   If his competency is questioned, it may be
tested by cross-examination.   In this case the superin·
tendent had stated that the test was made with Fair-
banks scales, which he knew to be correct.   We under-
stand, however, that most of that answer was stricken
out, and it is uncertain if it should be regarded here as
entitled to any consideration.   The answer to which
objection is most urgently pressed is the one we have
quoted at length.   We think it was objectionable, as it
made the character of the weight in question depend

upon the accuracy of scales which, as we understand the record, were not shown to be correct. But the record satisfies us that the error of the court in permitting the answer to remain was without prejudice, for the reason that there was no real contention over the fact that the weight was false. A witness testified that he had tested the weight, and found that it was not correct. The defendant objected to his testimony, especially on the ground that the test was not made with the official standard, but, as we have seen, that was not necessarily a valid objection, and was not sufficient in this case. That the weight was loaded, and therefore false, is not contradicted. The defendant testified, and spoke of the weight as loaded, but denied that he had used it in weighing; and whether he had so used it was the material question in controversy. The evidence to show that he did use it, and to defraud, was ample to sustain the verdict. The defendant complains of a paragraph of the charge on the ground that it assumed that the weight was false, but, if there was error in that respect, it was without prejudice, for the reasons already stated. We find no ground upon which to disturb the judgment of the district court, and it is *affirmed.*